By the Court. Hoffman, J.
The plaintiffs and the defendant were partners in trade, under the name of Buchanan, Cheseborough & Co., until the 31st of December, 1853. By the sixth item of the articles, the profits were to be shared as follows:—to Blsworth Cheseborough, the defendant, seven-sixteenths; to Buchanan and Kilmer, jointly, seven-sixteenths; and to William H. Parsons, two-sixteenths; and the responsibilities of such firm were to be shared and borne in the same proportions.
The defendant, on the 31st of December, 1853, retired from the firm, and on that day, an instrument was executed by Buchanan, Kilmer, and Parsons, some clauses of which will be hereafter stated, as upon them the case chiefly depends.
On the 4th of January, 1851, the defendant executed a receipt, in which he acknowledges the réeeption of certain notes of Buchanan, Parsons, and Company, and $1,500 in cash, “ the notes and cash being received under an agreement, signed by Buchanan, Kilmer, and Parsons, dated December 31, 1853, and are received by me in full discharge of so much of said agreement as relates to the giving of notes and paying of moneys.”
We are clearly of opinion, that this instrument, executed by the defendant, is a recognition of the instrument of the 31st of December, and makes all his' rights and all his liabilities as entirely dependent upon, and controlled by it, as if he had actually signed it.
In that instrument, the withdrawal of Cheseborough is recited, and the amount of capital he had put in, which amount, ($965.04,) the other parties agree to pay to him for withdrawing from the firm. The instrument then proceeds:—“ It is further agreed by the undersigned, that they will, on the 2d day of January next, form and advertise a copartnership, under the firm and style of Buchanan, Parsons, and Company, and the said firm shall *240 liquidate all the outstanding liabilities of the present firm of Buchanan, Cheseborough & Co., and shall hold the said E. Cheseborough harmless in all matters thereto pertaining; except'in such items and matters of accounts, or the notes taken in settlement therefor, for goods sold before the- 1st of July last, and at this date remaining unpaid and standing upon the books of the present firm as good accounts, notes, &c. On these matters, should any loss be sustained, that the said Cheseborough is to share, and pay to the undersigned, seven-sixteenths of whatever sum said loss may amount to.”
It is alleged in the complaint, and not denied, that all the notes and cash given upon this settlement to the defendant, have been fully paid.
There was here no new substantive agreement, by which Cheseborough bound himself as surety, guarantor or otherwise, of the sufficiency of outstanding claims. There was simply this case. The plaintiffs settled with him as a retiring partner, upon the basis of all the notes and demands due the firm, being good. His liability to bear seven-sixteenths of what might turn out bad, was a part of his liability as partner. That liability, which, but for the clause in question, might be considered as resigned, this clause retains, and upon making out the case provided for in the clause, not a doubt can exist, of the right of the plaintiffs to call upon him for his proportion.
The next question, therefore, is, whether the case of a liability within this clause has been established upon the pleadings and proof. The complaint, after stating the effect of the provisions in the instrument of December, 1853, avers, “ that upon the books of the said copartnership, and as good accounts of the date of the said instrument, and then unpaid, and for goods sold before the said 1st of July, 1853, by the said copartnership, were divers accounts, amounting in the whole, to $1,726.65 and upwards, which have not been paid, and in consequence of which non-payment, a loss has been sustained by the plaintiffs, amounting to $1,205.60 and upwards, the seven-sixteenths of which the defendant is, and remains, liable to pay to the plaintiffs.”
The defendant, in his answer as to the matter, says:—“That there were upon the books of the copartnership, on the said 31st of December, 1853, divers accounts for goods sold before the 1st of *241 July, 1853, which were, on the said 31st of December, unpaid, and then standing on such books as good accounts, but he avers, that most of such accounts have since been paid, and as to those that have not been paid, the plaintiffs have not used proper diligence to collect the same, and any loss which has been suffered from the non-payment of such accounts, has resulted from such laches and want of diligence.”
On the trial, after the instruments were produced, and evidence was given as to the rights of the parties before stated, one witness proved that he often saw the parties together. There were various conversations respecting the accounts. Some of them were presented to the defendant, and on one occasion, he, the witness, went over the accounts with him.
The counsel of the plaintiffs then stated the various items of their accounts against the defendant, amounting to between five and six hundred dollars, and then rested.
The court directed a verdict for the plaintiffs, for $750, subject to the opinion of the court, to be taken in the first instance at General Term, and a reference to ascertain the amount of damages, if the General Term should affirm the plaintiffs’ right of recovery.
At a first examination of the Code, we might be led to suppose that this course was warranted by it. The 253d section provides, that an issue of fact in an action for the recovery of money only must be tried by a jury, unless such trial is waived as provided in section 266, or a reference be ordered, as provided in section 270 and 271. Section 271 provides, that where the parties do not consent, the court may, on the application of either, or its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference in the cases there following.
The second subdivision is, where the taking of an account shall be necessary for the information of the court before judgment, or for carrying a judgment or order into effect.
But we do not think this, or any other section of the Code, warrants a proceeding by which a part only of the action is tried by a jury, who find a verdict, which is, after all, not merely indecisive of the case, but may turn out, upon further investigation by another body, to be wholly unauthorized. If a trial by jury is had, it must comprise every matter in issue, on the record, or none. *242 Such a course was, we presume, unknown under the former system.
A reference could be ordered at the circuit, upon hearing both parties, (19 Wend. 85,) and it may well be, that under the former and present system, a cause might be commenced, and then be found so plainly one for a reference, that the court might direct it. But in such a case, the cause would be taken from the jury entirely.
When the cause is tried before the court, under the 254th section, no such difficulty exists, the court still trying the cause, whether an issue is directed, or a reference, as to any portion of the case, or a particular fact in it. It comes back to the court for ultimate decision.
We consider that the verdict should be set aside, with liberty to the plaintiff's to apply for a reference to hear and determine the whole issues in the case, and also to amend their complaint, if so advised, so as to make the ground of action an agreement and contract between them and the defendant, not simply upon the deed of December, which makes him proceed upon a covenant.
The costs of the appeal are to abide the event of the cause.